UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security,[1] <br><br> Defendant. | Case No.: 3:19-cv-00110-AJB (RNB) <br><br> **REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> **(ECF Nos. 15, 18)** |

This Report and Recommendation is submitted to the Honorable Anthony J. Battaglia, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

On January 16, 2019, plaintiff filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his applications for a period of disability and disability insurance benefits and for Supplemental Security Income ("SSI"). The operative complaint is the First Amended Complaint filed by plaintiff on March 14, 2019. (ECF No. 5.)

---

[1] Andrew Saul is hereby substituted as the defendant in this case per Fed. R. Civ. P. 25(d).

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

On September 12, 2014, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability commencing January 4, 2012. (Certified Administrative Record ["AR"]) 307-10.) On September 29, 2014, plaintiff filed for SSI, alleging disability commencing January 4, 2013.[2] (AR 311-16.) Plaintiff claimed that he was unable to work due to COPD (chronic obstructive pulmonary disease), diabetes, hypertension, sleep apnea, migraines, fatigue due to congestive heart failure, and memory loss due to a brain aneurysm. (AR 341.) The applications were denied initially and upon reconsideration. (AR 186-90, 194-99, 200-04.)

On September 12, 2015, plaintiff requested an administrative hearing. (AR 206-07.) A hearing was held before an ALJ on February 28, 2017. Plaintiff, who previously had been represented by counsel, elected to proceed without counsel. (*See* AR 80-81.) Testimony was taken from him, a medical expert ("ME"), and a vocational expert ("VE"). (*See* AR 82-112.) The ALJ issued a decision on November 8, 2017, finding that plaintiff

---

[2] The Court notes that, while plaintiff asserted in his summary judgment motion that both applications alleged disability beginning January 4, 2013 (*see* ECF No. 15-1 at 1), the Commissioner asserted in his cross-motion that both applications alleged disability commencing January 4, 2012 (see ECF No. 18-1 at 2). The Administrative Law Judge ("ALJ") at the administrative hearing and in his decision cited January 4, 2013 as the alleged onset date. (*See* AR 46, 85.) This discrepancy can be resolved in the proceedings on remand.

was not disabled for purposes of either benefits application. (AR 46-56.) Thereafter, plaintiff requested a review of the decision by the Appeals Council. (AR 306.) The ALJ's decision became the final decision of the Commissioner on November 30, 2018, when the Appeals Council denied plaintiff's request for review. (AR 1-6.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ initially determined that plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. (AR 48.) The ALJ proceeded to follow the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 4, 2013, the alleged onset date. (AR 48.)

At step two, the ALJ found that plaintiff had the following severe impairments: "congestive heart failure with peripheral edema, cerebral hemorrhage status post coiling, cardiomyopathy, hypertension, chronic obstructive pulmonary disease (COPD), obstructive sleep apnea, diabetes mellitus type II, chronic kidney disease, degenerative disc disease and degenerative joint disease with sciatica, tendinitis, migraines, and obesity." (AR 48.)[3]

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 49.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in the Commissioner's regulations "with use of a cane; occasional postural activities; no climbing ladders, ropes, or scaffolds; no

---

[3] The ALJ further found that plaintiff's medically determinable impairments of depression and history of alcohol dependence were nonsevere. (AR 49.)

concentrated exposure to temperature extremes, humidity, wetness, lung irritants, vibrations; no hazards; and limited to simple, routine tasks from pain. (AR 51.)

At step four, the ALJ determined that plaintiff had no past relevant work. (AR 54.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC could perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, information clerk and eye dropper assembler), the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, from January 4, 2013 through the date of his decision. (AR 55.)

## PLAINTIFF'S SOLE CLAIM OF ERROR

Plaintiff claims that the ALJ erred in his adverse credibility determination in that he failed to articulate specific, clear and convincing reasons for rejecting plaintiff's subjective symptom testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

# DISCUSSION

## A. Plaintiff's subjective symptom testimony

At the February 28, 2017 administrative hearing, plaintiff testified that he no longer was able to work because of his sciatica, which causes excruciating pain in his lower to mid-back that goes down his right leg right before his right knee. (A.R. 90.) In addition, plaintiff cited the headaches that he experiences three times a week. (A.R. 91.) According to plaintiff, these migraine headaches can last three to six hours (or longer) each, and they are so painful that he cries when he has them. (A.R. 91-92.) On a pain scale of one to ten, plaintiff rated the headaches as a level six. (A.R. 92.) Plaintiff testified that he cannot do anything physical when he gets one of these headaches; he just needs to sit and rest. (AR 93.) However, he might be able to sit and rest and focus on a task during a headache if it was a simple task. (*Id.*)

Plaintiff further testified that the sciatica started about nine months earlier and that he experiences it about once a month. (AR 93.) The paid is so excruciating that it is even hard to sleep. (AR 94.) The only thing that helps the pain is Norco and Oxycodone. (*Id.*). Plaintiff testified that he uses a cane for walking but has to use crutches when the pain from the sciatica is really bad. (A.R. 95.) When the sciatica is bad, the pain level is a ten on a scale of one to ten. (A.R. 96-97.) When plaintiff takes the medication, the pain level subsides within 15 or 20 minutes to a four out of ten. (A.R. 97.)

Plaintiff further testified that, when the sciatica hits, work is out of the question because he cannot do anything and can barely move. (A.R. 97). The sciatica episode lasts for about three or four days. (AR 98.) During those days, his activities are very limited; he cannot be on his feet for even one hour of an eight-hour workday and it is hard for him even to sit. (A.R. 98-99.) Plaintiff did not know whether, when he had an episode of sciatica, he would be able to take Norco and then keep working. (AR 100.)

//
//
//

## B. Analysis

One of the ALJ's findings here was that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 53.)

The law is well established in this Circuit that, where the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See, e.g.*, *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015); *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986).

Since the ALJ did not make an express finding of malingering or cite any evidence of malingering, the issue before the Court is whether the ALJ provided reasons for his adverse credibility determination that satisfy the standard set forth above. *See Vasquez*, 572 F.3d at 592 ("clear and convincing' standard applies where ALJ did not cite any evidence of malingering); *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").

The Court concurs with plaintiff that the answer is no. First, the ALJ's general statement regarding plaintiff's credibility cited above was not sufficient; it was incumbent on the ALJ to state specifically which symptom testimony was not credible and what facts or evidence in the record supported that conclusion. *See Brown-Hunter*, 806 F.3d at 489, 493, 494; *see also, e.g., Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014); *Reddick v.*

6

*Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). It is not the Court's function to comb the administrative record for specific conflicts or inconsistencies between plaintiff's subjective symptom testimony and the medical evidence and other evidence of record. *See Brown-Hunter*, 806 F.3d at 494; *Burrell*, 775 F.3d at 1138.

Second, while an inconsistency between plaintiff's testimony and the objective medical evidence of record could constitute a reason on which the ALJ could properly rely in support of his adverse credibility determination, *see Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999), it cannot constitute the sole reason supporting the adverse credibility determination. *See Reddick*, 157 F.3d at 722 ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." (citing *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc)); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (holding that "a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain"). Here, the ALJ did not cite any other reasons for not crediting plaintiff's subjective symptom testimony.[4]

## CONCLUSION AND RECOMMENDATION

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.,*

---

[4] Although the Commissioner contends that plaintiff's lack of psychiatric treatment "undercut the believability of plaintiff's testimony" (*see* ECF No. 18-1 at 5) and that inconsistent statements by plaintiff about his range of daily activities "further undermined the consistency of his complaints" (*see id.* at 6), the Court is unable to consider these other reasons because they were not given by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). Moreover, plaintiff's lack of psychiatric treatment for depression (which the ALJ found was a nonsevere medically determinable impairment) would not constitute a clear and convincing reason for rejecting plaintiff's subjective pain testimony.

7

3:19-cv-00110-AJB (RNB)

*Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

Where, as here, a claimant contends that he is entitled to an award of benefits because of an ALJ's failure to properly consider his subjective symptom testimony or the medical opinion evidence, the Court applies a three-step framework. First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. Third, if the Court concludes that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." Only when all three elements are satisfied does a case raise the "rare circumstances" that allow the Court to exercise its discretion to remand for an award of benefits. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014).

//
//
//
//

8

3:19-cv-00110-AJB (RNB)

However, as the Ninth Circuit subsequently observed in *Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation marks omitted):

> "A district court is generally not required to exercise such discretion. . . . District courts retain flexibility in determining the appropriate remedy, and a reviewing court is not required to credit a claimant's allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony. In particular, we may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."

Here, the Commissioner has made a lengthy argument that the proper remedy in the event of reversal would be a remand to the Commissioner for further administrative proceedings. (*see* ECF No. 18-1 at 7-9.) The Commissioner contends that further proceedings are necessary here because **all** of the medical opinion evidence contradicted plaintiff's testimony of disabling pain symptoms. In support of this contention, the Commissioner has cited the Ninth Circuit's decision in *Brown-Hunter*. As in the instant case, the ALJ there had erred in her adverse credibility determination by making only a general credibility finding without specifically identifying which subjective symptom testimony she found not credible and without explaining which specific evidence contradicted that testimony. Further, as in the instant case, the vocational expert there had testified that an individual with the physical limitations to which the claimant had testified would not be able to sustain any jobs in the national economy. However, the Ninth Circuit declined to apply the credit-as-true doctrine and remand for the payment of benefits. Its rationale was that the record raised crucial questions on the credibility of plaintiff's subjective symptom testimony given (a) the inconsistencies between plaintiff's subjective symptom testimony and the medical evidence in the record, including a conflicting physician assessment, and (b) evidence in the record suggesting that the claimant's pain was adequately controlled with medication. *See Brown-Hunter*, 806 F.3d at 495-96.

Here, as in *Brown-Hunter*, there appears to be an inconsistency between plaintiff's subjective symptom testimony and the medical evidence in the record in that no medical source of record opined that plaintiff was disabled. Indeed, as the Commissioner points out, **all** of the medical opinion evidence contradicted plaintiff's testimony of disabling pain symptoms. Specifically, the ME opined at the administrative hearing that plaintiff remained capable of performing a range of light work (*see* AR 86); the consultative examiner (Dr. Whitehead) opined that, from a mental standpoint, plaintiff "should be capable of functioning at a variety of work activities that require simple task performance at a constant level," although he deferred to medical doctors on any medical limitations (*see* AR 639-40); the State agency physician opined at the initial level that plaintiff remained capable of performing a range of light work (*see* AR 126-27); and the State agency physician at the reconsideration level opined that plaintiff remained capable of performing a range of sedentary work (*see* AR 160-62). Further, here as in *Brown-Hunter*, there is evidence in the record, namely plaintiff's administrative hearing testimony, suggesting that plaintiff's pain was adequately controlled with medication.

The Court deems plaintiff's failure to even reply to the Commissioner's contentions in this regard, including the Commissioner's reliance on *Brown-Hunter*, as a concession to the correctness of the Commissioner's position that remand for an award of benefits is not warranted here.

The Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED,** and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond

| | |
|---|---|
| 1 | to the other party's objections within 14 days after being served with a copy of the |
| 2 | objections. *See id.* |
| 3 |      IT IS SO ORDERED. |
| 4 | |
| 5 | Dated: September 25, 2019 |

_____
ROBERT N. BLOCK
United States Magistrate Judge